## SARTY et al. v. BOWER et al.

No. 18452. Opinion Filed Sept. 18, 1928.

Withdrawn, Corrected, Refiled and Rehearing Denied May 14, 1929.

William Neff, L. E. Neff, and W. T. Hunt, for plaintiffs in error.

J. S. Severson, for defendants in error.

LESTER, J. This is an action to establish a three-fourths interest in the allotment of Mamie Island, a full-blood Creek Indian, who died in 1905, unmarried and without issue.

The deceased allottee was enrolled as the daughter of Ben Island and Phoebe Anderson. The plaintiffs assert their claim of interest through the father of Mamie Island, and contend that Phoebe Anderson and Ben Island were married under Creek tribal customs. The defendants contest the right of the plaintiffs to recover any interest in said land, on the grounds that no marriage relation ever existed between the parents of the deceased allottee, and that the statute of limitations had fully run against the plaintiffs' right of action at the time they filed said action.

At the trial of said cause all parties waived a jury. Several witnesses were called and testified as to the conduct and relation of the parents of the deceased allottee, and after the conclusion of the evidence and argument of the counsel the court rendered its judgment in favor of the defendants, finding: First, that the parents of the deceased allottee at no time entered into a tribal custom marriage or a common-law marriage. Second, that the statute of limitations also barred the plaintiffs from a recovery.

It is earnestly contended by the plaintiffs that there is no evidence to sustain the findings of the court to the effect that the parents of the allottee were not husband and wife. It is not denied by the defendants that Ben Island during his lifetime recognized the deceased allottee was his child. The mother of the deceased allottee was a witness at the trial, and she testified that at no time did she and Ben Island ever assume the relations of husband and wife or that they were received as such by the public. She further stated in her testimony that the deceased allottee was begotten by reason of meretricious relations with Ben Island, and that neither the witness nor Ben Island at any time ever considered themselves as husband and wife.

An examination of the evidence before the trial court on the question of marriage of the father and mother of the deceased allottee, convinces us that the court below could, with justification, have decided the issue upon the question of marriage either way; but, as the court saw and heard the witnesses, it was in a better position to pass upon the credibility of the witnesses than a court of review; therefore, we shall not disturb its findings thereon.

Plaintiffs contend that the court committed prejudicial error by admitting in evidence a certain judgment rendered in a former case. The plaintiffs had theretofore introduced in evidence the petition in said former action for impeachment purposes, and while the judgment may not have been competent evidence, yet it concerned a collateral matter and is not of sufficient importance to justify a reversal thereon.

The plaintiffs contend that the court erred in holding that the statute of limitations had fully run against the plaintiffs' right of action. Owing to the fact that we hold that there was competent evidence reasonably tending to support the findings of the court upon the question of alleged marriage of the parents of the deceased allottee, it is not necessary to discuss that part of the court's findings touching the statute of limitations.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.